# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EARL KING,<br><br>    Petitioner,<br><br>    v.<br><br>BRIAN DUFFY,<br><br>    Respondent. | Case No. 1:15-cv-01695-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent declined magistrate judge jurisdiction and this matter was therefore referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

## I.

## BACKGROUND

On April 16, 2013, Petitioner was convicted after a jury trial in the Fresno County Superior Court of assault with a deadly weapon (count 1) and inflicting corporal injury against a cohabitant (count 2). The jury found true the allegation that Petitioner personally used a dangerous weapon in the commission of count 2. (CT[1] 186–87). On June 5, 2013, Petitioner was sentenced to an indeterminate imprisonment term of twenty-five years to life. (CT 204).

---

[1] "CT" refers to the Clerk's Transcript on Appeal lodged by Respondent on February 11, 2016. (ECF No. 15).

1

On December 29, 2014, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. People v. King, No. F067424, 2014 WL 7402325, at *2 (Cal. Ct. App. Dec. 29, 2014). Thereafter, Petitioner filed a petition for review in the California Supreme Court, which denied the petition on March 11, 2015. (LDs[2] 8, 9). Petitioner did not file any state habeas petitions. (ECF No. 1 at 4).[3]

On November 9, 2015, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On February 4, 2016, Respondent filed an answer. (ECF No. 14). On February 22, 2016, Petitioner filed a traverse. (ECF No. 16).

**II.**

**DISCUSSION**

**A.  Standard of Review**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged convictions arise out of Fresno County Superior Court, which is located within the Eastern District of California. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

Under the AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an

---

[2] "LD" refers to the documents lodged by Respondent on February 11, 2016. (ECF No. 15).
[3] Page numbers refer to ECF page numbers stamped at the top of the page.

>unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 97–98 (2011); Lockyer v. Andrade, 538 U.S. 63, 70–71 (2003); Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id. In addition, the Supreme Court decision must "'squarely address [] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2009) (quoting Wright v. Van Patten, 552 U.S. 120, 125 (2008)); Panetti v. Quarterman, 551 U.S. 930 (2007); Carey v. Musladin, 549 U.S. 70 (2006). If no clearly established Federal law exists, the inquiry is at an end and the Court must defer to the state court's decision. Musladin, 549 U.S. 70; Wright, 552 U.S. at 126; Moses, 555 F.3d at 760.

If the Court determines there is governing clearly established Federal law, the Court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, [the] clearly established Federal law." Lockyer, 538 U.S. at 72 (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412–13; see also Lockyer, 538 U.S. at 72. "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character

or nature,' or 'mutually opposed.'" Williams, 529 U.S. at 405 (quoting Webster's Third New International Dictionary 495 (1976)). "A state-court decision will certainly be contrary to [Supreme Court] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. If the state court decision is "contrary to" clearly established Supreme Court precedent, the state decision is reviewed under the pre-AEDPA de novo standard. Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc).

"Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411; see also Lockyer, 538 U.S. at 75–76. The writ may issue only "where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Richter, 562 U.S. at 102. In other words, so long as fair minded jurists could disagree on the correctness of the state court's decision, the decision cannot be considered unreasonable. Id. If the Court determines that the state court decision is objectively unreasonable, and the error is not structural, habeas relief is nonetheless unavailable unless the error had a substantial and injurious effect on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."

1  Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to
2  think some other explanation for the state court's decision is more likely." Id. at 99–100 (citing
3  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

4      Where the state court reaches a decision on the merits but provides no reasoning to
5  support its conclusion, a federal habeas court independently reviews the record to determine
6  whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v.
7  Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo
8  review of the constitutional issue, but rather, the only method by which we can determine
9  whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. While
10 the federal court cannot analyze just what the state court did when it issued a summary denial,
11 the federal court must review the state court record to determine whether there was any
12 "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This court "must
13 determine what arguments or theories ... could have supported, the state court's decision; and
14 then it must ask whether it is possible fairminded jurists could disagree that those arguments or
15 theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 102.

16     **B. Judicial Misconduct Claim**

17     In his first claim for relief, Petitioner asserts that trial court engaged in judicial
18 misconduct when it stated in the presence of the jury that it was surprised that Petitioner chose
19 not to call any witnesses. (ECF No. 1 at 2). In the answer, Respondent argues that the state
20 court's rejection of Petitioner's claim was neither contrary to nor an unreasonable application of
21 clearly established federal law. (ECF No. 14 at 19).

22     This claim was presented on direct appeal to the California Court of Appeal, Fifth
23 Appellate District, which denied the claim in a reasoned decision. The claim also was raised in
24 the petition for review, which the California Supreme Court summarily denied. The Court
25 presumes that the California Supreme Court adjudicated the claim on the merits. See Richter,
26 562 U.S. at 99. As federal courts review the last reasoned state court opinion, the Court will
27 "look through" the California Supreme Court's summary denial and examine the decision of the
28 California Court of Appeal. See Brumfield v. Cain, 135 S. Ct. 2269, 2276 (2015); Johnson v.

Williams, 133 S. Ct. 1088, 1094 n.1 (2013); Ylst, 501 U.S. at 806.

In finding that the trial court's comment did not deny Petitioner a fair trial, the California Court of Appeal stated:

> The prosecution presented evidence that defendant hit his girlfriend and struck her with a cane during an argument, causing her injuries. At the close of the prosecutor's case, the defense rested without calling any witnesses, even though defense counsel had a defense witness (defendant's ex-girlfriend) waiting to testify (a fact known to the court but not the jury). The court commented: "Okay. I think, obviously, you can tell I'm a little bit surprised about that. You are not to infer anything from the fact that I'm surprised, ladies and gentlemen. It was just not necessarily what I expected."
>
> Defendant argues that the court's comment was "fraught with implications which negatively and prejudicially affected [his] chances of a favorable verdict" and violated his constitutional rights to remain silent, to have an impartial jury, and to receive due process of law. He explains that "while the court's comment was apparently innocently intended, it conveyed the unmistakable impression that in the court's opinion the testimony of the prosecution's witnesses was compelling enough so that in the absence of rebuttal by defense witnesses, in particular, [defendant], who was the only percipient witness to the events other than [his girlfriend], a guilty verdict was warranted." Defendant says the court's comment amounted to a comment on defendant's failure to testify, shifted the burden of proof to defendant, biased the jury in favor of the prosecution, and directed a guilty verdict. We disagree.
>
> "'[A] judge should be careful not to throw the weight of his judicial position into a case, either for or against the defendant.' [Citation.] [¶] Trial judges 'should be exceedingly discreet in what they say and do in the presence of a jury lest they seem to lean toward or lend their influence to one side or the other.' [Citation.]" (*People v. Sturm* (2006) 37 Cal.4th 1218, 1237–1238.)
>
> We evaluate judicial conduct on a "'case-by-case basis, noting whether the peculiar content and circumstances of the court's remarks deprived the accused of his right to trial by jury.'" (*People v. Sanders* (1995) 11 Cal.4th 475, 531–532.) A particular comment's propriety and prejudicial effect are judged by its content and by the circumstances in which it was made. (*Id.* at p. 532.) "The role of a reviewing court 'is not to determine whether the trial judge's conduct left something to be desired, or even whether some comments would have been better left unsaid. Rather, we must determine whether the judge's behavior was so prejudicial that it denied [the defendant] a fair, as opposed to a perfect, trial. [Citation.]' [Citation.]" (*People v. Harris* (2005) 37 Cal.4th 310, 347.)
>
> Here, even if we assume the court's comment was improper, we conclude it was not so prejudicial that it denied defendant a fair trial. Immediately after the court stated it was surprised the defense was not calling any witnesses, the court admonished the jurors not to infer anything from the fact that it was surprised. Furthermore, the court instructed the jurors that the defense was not required to present evidence or prove the defendant was not guilty because he was presumed innocent, that the jurors must decide the facts of the case based only on the evidence presented at trial, that a criminal defendant is presumed innocent and must be proven guilty beyond a reasonable doubt, and that the jurors were required to decide the facts of the case and use only the evidence presented in the

> courtroom. The court instructed: "A defendant has an absolute constitutional right not to testify. He may rely on the state of the evidence and argue that the [P]eople have failed to prove the charges beyond a reasonable doubt. Do not consider for any reason at all the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way." And later the court also instructed: "Do not take anything that I said or did during the trial as an indication of what I think about the facts or the witnesses or what your verdict should be."
>
> A reviewing court presumes the jurors followed the court's admonitions and instructions, unless the record affirmatively indicates otherwise, and speculation on appeal that the jury might not have followed those admonitions and instructions does not support reversal. (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 83.) Accordingly, we conclude any impropriety in the court's comment was cured by the court's immediate admonition and thorough instructions. The comment did not deny defendant a fair trial.

King, 2014 WL 7402325, at *1–2.

Petitioner argues that the trial court's comment prejudicially affected his federal constitutional rights to remain silent, to an impartial jury, and to due process. (ECF No. 1 at 3). In Griffin v. California, 380 U.S. 609 (1965), the Supreme Court held that the Fifth Amendment prohibits a prosecutor or judge from commenting on a defendant's failure to testify. A direct comment regarding a defendant's failure to testify always violates Griffin. Hovey v. Ayers, 458 F.3d 892, 912 (9th Cir. 2006). On the other hand, an indirect comment violates Griffin only "if it is manifestly intended to call attention to the defendant's failure to testify, or is of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." Hovey, 458 F.3d at 912 (internal quotation marks omitted) (quoting Lincoln v. Sunn, 807 F.2d 805, 809 (9th Cir. 1987)). Here, the trial court did not comment directly. Further, the trial court's acknowledgement of its surprise was not manifestly intended to call attention to Petitioner's decision not to testify and was not of such a character that the jury would naturally and necessarily take it to be a comment on Petitioner's decision not to testify given that Petitioner's ex-girlfriend was the other witness to the offense who could possibly offer evidence. Moreover, the trial court immediately instructed the jury, "You are not to infer anything from the fact that I'm surprised, ladies and gentlemen." (2 RT[4] 222). A jury is presumed to follow the court's instructions. Weeks v. Angelone, 528 U.S. 225, 234 (2000) (citing Richardson v. Marsh,

---

[4] "RT" refers to the Reporter's Transcript on Appeal lodged by Respondent on February 11, 2016. (ECF No. 15).

1 481 U.S. 200, 211 (1987)). Additionally, the trial court gave instructions regarding the
2 presumption of innocence, the prosecution's burden of proof, the defendant's right not to testify,
3 that the jurors were to decide the facts based only on evidence that was presented in court, and
4 that "[n]either side is required to call all witnesses who may have information about the case."
5 (CT 146, 147, 153, 159). The court also instructed, "It is not my role to tell you what your
6 verdict should be. Do not take anything I said or did during the trial as an indication of what I
7 think about the facts, the witnesses, or what your verdict should be." (CT 172). In light of this
8 context, the trial court's acknowledgement of its surprise did not violate Griffin or "render[] the
9 trial so fundamentally unfair as to violate federal due process under the United States
10 Constitution." Duckett v. Godinez, 67 F.3d 734, 740 (9th Cir. 1995).

The Court finds that the state court's denial of Petitioner's judicial misconduct claim was not contrary to, or an unreasonable application of, clearly established federal law,[5] nor was it based on an unreasonable finding of fact. The decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103. Accordingly, Petitioner is not entitled to habeas relief on his first claim.

### C. Ineffective Assistance of Counsel Claim

In his second claim for relief, Petitioner raises ineffective assistance of counsel in the event that the Court determines that Petitioner's first claim for relief is forfeited based on trial counsel's failure to make a contemporaneous objection. (ECF No. 1 at 10). However, Petitioner's judicial misconduct claim has not been forfeited and has been considered by this Court in section II(B), *supra*. Accordingly, Petitioner is not entitled to habeas relief on his second claim.

///
///

---

[5] Although the California Court of Appeal did not cite to any federal authority, the pertinent inquiry is whether it "reasonably applied the principles contained in relevant Supreme Court precedent." Parker v. Small, 665 F.3d 1143, 1148 n.1 (9th Cir. 2011). The Supreme Court has noted that a state court is not required to cite or even be aware of its cases under § 2254(d). Early v. Packer, 537 U.S. 3, 8 (2002).

## III.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 22, 2016**

UNITED STATES MAGISTRATE JUDGE